IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THEON KAMBON,

    Plaintiff,    No. 2: 12-cv-2651 KJN P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION, et al.,

    Defendants.    ORDER
_____/

    Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

    Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff alleges that he was wrongfully deprived of personal property, legal property and medical appliances. The only named defendant is the California Department of Corrections and Rehabilitation ("CDCR").

The Eleventh Amendment bars suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) ( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). Although the Eleventh Amendment is not jurisdictional, the court may raise the defect on its own. Wisconsin Department of Corrections v. Schacht, 524 U.S. 381, 389 (1998); Edelman v. Jordan, 415 U.S. 651, 677-78 (1974). In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's claims against defendant CDCR are legally frivolous.

Plaintiff's complaint is dismissed with leave to amend. If plaintiff files an amended complaint, he must name as defendants those persons responsible for the alleged deprivations. The amended complaint must describe the involvement of each person in the alleged deprivations.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.

3

1  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms
2  how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983
3  unless there is some affirmative link or connection between a defendant's actions and the
4  claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,
5  588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official
6  participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,
7  268 (9th Cir. 1982).

8              In addition, plaintiff is hereby informed that the court cannot refer to a prior
9  pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that
10 an amended complaint be complete in itself without reference to any prior pleading.  This
11 requirement exists because, as a general rule, an amended complaint supersedes the original
12 complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended
13 complaint, the original pleading no longer serves any function in the case.  Therefore, in an
14 amended complaint, as in an original complaint, each claim and the involvement of each
15 defendant must be sufficiently alleged.

16             In accordance with the above, IT IS HEREBY ORDERED that:

17             1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

18             2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
19 Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
20 § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the
21 Director of the California Department of Corrections and Rehabilitation filed concurrently
22 herewith.

23             3.  Plaintiff's complaint is dismissed.

24             4.  Within thirty days from the date of this order, plaintiff shall complete the
25 attached Notice of Amendment and submit the following documents to the court:

26                 a.  The completed Notice of Amendment; and

     b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED:  October 31, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

kam2651.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THEON KAMBON,

      Plaintiff,   No. 2: 12-cv-2651 KJN P

  vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION, et al.,   NOTICE OF AMENDMENT

      Defendants.

_____/

    Plaintiff hereby submits the following document in compliance with the court's order filed _____:

    _____   Amended Complaint

DATED:

                                 _____
                                 Plaintiff