IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THEON KAMBON,

Plaintiff,

No. 2: 12-cv-2651 KJM KJN P

vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,

Defendants.

ORDER

_____________________________/

Introduction

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint. (Dkt. No. 10.) For the following reasons, the amended complaint is dismissed with leave to file a second amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

////

Discussion of Claims Raised in Amended Complaint

Named as defendants are the Director of the California Department of Corrections and Rehabilitation ("CDCR"), High Desert State Prison ("HDSP") Correctional Officer Carter, HDSP Warden, HDSP Sergeant Davige, HDSP Associate Warden Perez, California Correctional Institution ("CCI") Captain Davis, CCI Sergeant Wedertz, CDCR Chief of Appeals Faston, CCI Warden, CCI Captain Bryant, CCI Lesniak, CCI Bryant, CCI Deputy Warden Holland, CCI Sergeant Peters, CCI Officer Gray, CCI Officer Negrete, CCI Captain Schuyler, and Appeals Coordinator Nelson.

Plaintiff raises three claims alleging the loss of property. In particular, plaintiff alleges that defendants caused plaintiff to lose his television, miscellaneous personal and legal property and legal mail.

*Television*

Plaintiff alleges that on December 13, 2011, he transferred from CCI to HDSP. Plaintiff alleges that when he arrived at HDSP, his television would not work. Plaintiff alleges that his television was damaged during transport from CCI to HDSP.

The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

Plaintiff's claim regarding the alleged damage to his television is based on an unauthorized, and most likely unintentional, deprivation. The California Tort Claims Act, Cal.

Govt. Code § 810, provides an adequate post-deprivation remedy for the loss of property and an inmate may file a state action in tort once he has complied with the claim requirements of the State Board of Control. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). For these reasons, plaintiff's allegations regarding the damage to his television do not state a potentially cognizable due process claim.

*Miscellaneous Property*

The responses to plaintiff's administrative grievances addressing the alleged deprivation of miscellaneous property, attached as exhibits to the amended complaint, explain this claim in greater detail.

Plaintiff alleges that on or around March 2011, he was placed in the CCI Security Housing Unit ("SHU"). Plaintiff was allowed to have six boxes of property while in the SHU. Plaintiff elected to have the non-allowable property mailed home. Plaintiff alleges that he signed the property inventory form without reviewing what was in the six boxes. Plaintiff alleges that after he received the boxes, he realized that some property was missing including legal paperwork, 28 photographs, a knee brace, shoe inserts, soft shoes, migraine medication and a Quran. The photographs were part of plaintiff's discovery from his criminal trial.

According to the administrative grievances, plaintiff's Quran and 27 photographs were found and issued to plaintiff. Regarding the medical appliances, medical staff stated that while there was a doctor's order from another institution prescribing a knee brace and shoe inserts, there were no current medical chronos for these devices. In addition, there was no doctor's order for soft shoes or migraine medication.

Because plaintiff's Quran and 27 of his 28 photographs were found, plaintiff is apparently challenging the denial of his access to his legal property, medical appliances, migraine medication and one photograph. Plaintiff has plead no facts suggesting that the denial of his access to his legal property and one missing photograph was intentional or authorized. Accordingly, defendants' alleged denial of plaintiff's access to the legal property and one missing

photograph does not state a potentially cognizable due process claim.

The responses to plaintiff's administrative grievances suggest that once plaintiff complained about the missing medical appliances and medication, defendants intentionally withheld these items because they were not authorized. However, authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987). According to the exhibits attached to the amended complaint, defendants did not allow plaintiff to have his medical appliances and migraine medication because they were not medically authorized. Under these circumstances, the deprivation of this property was reasonably related to a legitimate penological interest.

Plaintiff may also be attempting to raise an Eighth Amendment claim based on his denial of access to the medical appliances and migraine medication. To establish a violation of the Eighth Amendment based on inadequate medical care, a plaintiff must demonstrate "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In other words, the plaintiff must show the existence of (1) a serious medical need and (2) a deliberately indifferent response by the defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

A defendant acts with deliberate indifference when he knowingly fails to respond to a serious medical need, thereby inflicting harm on the plaintiff. See Farmer v. Brennan, 511 U.S. 825, 837–42 (1994); Jett, 439 F.3d at 1096. Deliberate indifference may appear when a defendant denies, delays, or otherwise interferes with medical treatment. See Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). Nevertheless, "[d]eliberate indifference is a high legal standard."

According to plaintiff's exhibits, defendants did not issue plaintiff his medical appliances and migraine medication because they were not supported by doctor's orders. Based on these circumstances, plaintiff has not demonstrated that defendants acted with deliberate

indifference. Accordingly, this claim is dismissed.

Plaintiff may also be alleging that the alleged denial of access to some of his legal property and one missing photograph violated his right to access the courts. To establish a violation of the right of access to courts, a prisoner must establish that he has suffered an actual injury. Lewis v. Casey, 518 U.S. 343, 349 (1996). An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348. Plaintiff has plead no facts demonstrating an actual injury as a result of his alleged denial of access to some of his legal property and one missing photograph. Accordingly, this claim is dismissed.

*Legal Mail*

The responses to plaintiff's administrative grievances addressing the alleged mishandling of "legal mail," attached as exhibits to the amended complaint, explain the instant claim in greater detail.

Plaintiff allegedly gave defendant Gray a piece of legal mail addressed to himself to be mailed. The legal mail consisted of a large manilla envelope, apparently containing legal property. Plaintiff did not receive the envelope in the mail after giving it to defendant Gray.

Although plaintiff uses the term "legal mail," he is referring to "confidential mail," as defined by the California Code of Regulations. The California Code of Regulations, Title 15, § 3141(c) lists the persons with whom inmates may correspond confidentially. These persons include all state and elected officials, all officials of foreign consulate, etc. Cal. Code of Regs., tit. 15, § 3141(c). Title 15, section 3142 sets forth the procedures for processing outgoing confidential mail, which includes the inmate presenting the unsealed envelope to designated staff, who then inspects the contents. In addition, the address of the person to whom the mail is being sent must be on the envelope.

The First Level Response to plaintiff's grievance regarding his confidential mail addressed to himself states that this piece of mail was not sent via the legal mail process. The

response states that if the envelope was sent from Facility B, it would have been processed through standard mail, which is not logged or tracked. The response concludes that due to plaintiff's improper processing of his mail, it is not possible to track or locate the mail.

The legal grounds of plaintiff's claim are unclear. The First Amendment protects inmates' right to correspond. Procunier v. Martinez, 416 U.S. 396, 408 (1974). However, "the legitimate governmental interest in the order and security of penal institutions justifies the imposition of certain restraints on inmate correspondence." Id. at 412-13. Legitimate penological interests justify restricting inmates' use of confidential mail. O'Keefe v. Van Boening, 82 F.3d 322, 326 (9th Cir. 1996).

Plaintiff's mail addressed to himself did not qualify as confidential mail as defined by the California Code of Regulations. For that reason, it was not processed as confidential mail. Because it was processed as regular mail, it was not tracked. For that reason, defendants could not determine what became of the envelope plaintiff mailed to himself. Because plaintiff's mail addressed to himself did not qualify as confidential mail, defendants' failure to process this mail as confidential did not violate plaintiff's constitutional rights.

Plaintiff has plead no facts suggesting that defendants tampered with the mail he addressed to himself. For this reason, plaintiff's allegations regarding his mail addressed to himself do not suggest any other constitutional claims. Accordingly, this claim is dismissed.

However, if he so chooses, plaintiff will be given leave to file a second amended complaint to address the pleading deficiencies contained in the first amended complaint and discussed herein.

Instructions for Second Amended Complaint

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability

under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Remaining Matters

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance

of counsel.

Because plaintiff has not filed a complaint containing potentially cognizable claims, the undersigned cannot determine his likelihood of success on the merits. Accordingly, plaintiff's motion for appointment of counsel is denied.

Plaintiff has filed a motion for summary judgment and motion to compel discovery. Because no defendants have been served, both of these motions are premature.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed with leave to file a second amended complaint within thirty days of the date of this order;

2. Plaintiff's motion for the appointment of counsel (dkt. no. 13), motion for summary judgment (dkt. no. 12), and motion to compel (dkt. no. 14) are denied.

DATED: May 6, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

kam2651.ame

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THEON KAMBON,

Plaintiff,

No. 2: 12-cv-2651 KJM KJN P

vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,

NOTICE OF AMENDMENT

Defendants.

______________________________/

Plaintiff hereby submits the following document in compliance with the court's order filed _________________:

_______________ Amended Complaint

DATED:

____________________________________

Plaintiff